Poonam Darshini SHARMA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70125.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted Jan. 8, 2007 *.

Filed Jan. 12, 2007.

Jagdip Singh Sekhon, Esq., Sekhon & Sekhon, PLC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA,

Christine S. Watson, United States Attorney, Sacramento, CA, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

## MEMORANDUM **

Poonam Darshini Sharma, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant the petition in part, deny in part, and remand.

Substantial evidence does not support the IJ's decision that Sharma failed to establish eligibility for asylum on the merits. The cumulative effect of repeated trespass, thievery and death threats from ethnic Fijians; Sharma's arrest and detention by the military in which her hand was stomped on and meat was forced into her mouth against the tenets of her religion; and the incident in which an ethnic Fijian assaulted her with a knife all support her claim of past persecution. *See Korablina v. INS,* 158 F.3d 1038, 1044 (9th Cir.1998); *Guo v. Ashcroft,* 361 F.3d 1194, 1203 (9th Cir.2004).

---

ed by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Having established past persecution, Sharma is entitled to a presumption of a well-founded fear of future persecution. *See Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir.2001). We conclude that a review of the record compels the conclusion that general country conditions had not changed sufficiently to rebut the presumption of a well-founded fear of future persecution. *See Chand v. INS*, 222 F.3d 1066, 1079 (9th Cir.2000). Sharma's testimony that she fears the escalation of violence by ethnic Fijians over the produce and tenancy of her land is supported by the country reports. We therefore conclude that she is eligible for asylum.

Additionally, Sharma's past persecution creates a presumption that she is eligible for withholding of removal. *See Kataria v. INS*, 232 F.3d 1107, 1115 (9th Cir.2000). Sharma's testimony shows that ethnic Fijians have a continuing interest in her farmland, and the government has not offered sufficient evidence to rebut this presumption. We conclude Sharma has established it is more likely than not that she would be persecuted if she returned to Fiji, and has therefore met the requirements for withholding of removal. *See Agbuya v. INS*, 241 F.3d 1224, 1230–31 (9th Cir.2001).

Sharma's CAT claim fails because the record does not compel a finding that the mistreatment she suffered rises to the level of torture. *See Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir.2002) (finding acts of abuse to constitute persecution but not torture).

Accordingly, we grant the petition for review with respect to Sharma's asylum and withholding of removal claims, and remand to the BIA for the Attorney General to exercise his discretion with respect to her asylum application. We deny Sharma's CAT claim.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

**PETITION FOR REVIEW GRANTED in part; DENIED in part; and REMANDED.**